UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

TIMOTHY PHILLIPS,             )
                              )
                              )
    Plaintiff,                )
                              )
    v.                        )         13-CV-3372
                              )
WARDEN TARRY WILLIAMS and     )
DR. SHEAFF at Passavant Hospital, )
                              )
    Defendants.               )

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and currently incarcerated in Western Correctional Center, seeks leave to proceed in forma pauperis.  This case is before the Court for a review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was approved for hernia surgery when he was incarcerated in Western Correctional Center in June, 2012. Dr. Sheaff performed the surgery at Passavant Hospital. However, in addition to fixing Plaintiff's hernia, Dr. Sheaff removed Plaintiff's appendix without Plaintiff's knowledge or consent, for the stated reason that Dr. Sheaff could not "close up" Plaintiff without removing Plaintiff's appendix.

Only government actors are suable for constitutional violations under 42 U.S.C. § 1983. No plausible inference arises that the surgeon was a "state actor," that is, working pursuant to a contract with the State or otherwise voluntarily assuming the State's responsibilities. *See* <u>Rice ex rel. Rice v. Correctional Medical Services</u>, 675 F.3d 650 (7th Cir. 2012). Even if Dr. Sheaff was a state actor, taking Plaintiff's appendix out without Plaintiff's consent is at most a state law claim for medical battery, not a constitutional claim. A constitutional claim would require a plausible inference that Dr. Sheaff was deliberately indifferent to Plaintiff's serious medical needs. An unnecessary appendectomy does not fit that bill. No plausible inference arises that Plaintiff had a serious medical need for his appendix. Further, by Plaintiff's own

allegations, the reason Dr. Sheaff took out Plaintiff's appendix is because Dr. Sheaff was having difficulty "closing Plaintiff up" after the surgery and to prevent the possible need for another surgery later. These reasons negate any inference of deliberate indifference on Dr. Sheaff's part.

As for Warden Williams, he is not responsible for Dr. Sheaff's actions. <u>Kuhn v. Goodlow</u>, 678 F.3d 552. 556 (7th Cir. 2012)("'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(quoted cite omitted). No plausible inference arises that Williams had any control over Dr. Sheaff's surgical decisions.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff suffered no constitutional deprivation. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk

of the Court is directed to record Plaintiff's strike in the three-strike log.

3)   Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:   1/7/14

FOR THE COURT:

*s/Colin Stirling Bruce*
COLIN STIRLING BRUCE
UNITED STATES DISTRICT JUDGE
